UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

**Second Amended**

| | | | |
|---|---|---|---|
| Filing Date: | 12/30/2011 | Docket #: | 11-32269-HJB |
| Debtor: | James T Fueston | Co-Debtor: | Lisa J. Fueston |
| SS#: | 7922 | SS #: | 0880 |
| Address: | 19 Voltage Avenue | Address | 19 Voltage Avenue |
| | Ludlow, MA 01056 | | Ludlow, MA 01056 |

Debtor's Counsel:  George E. Bourguignon, Jr.
Address:  73 State Street
          Suite 15
          Springfield, MA  01103

Telephone #:  413-746-8008
Facsimile #:  413-304-2813

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341.  THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES,

13-8.  OBJECTIONS TO CONFIRMATION

(a)  Deadline for filing. Any objection to confirmation of a chapter 13 plan shall be filed no later than the later of (i) thirty (30) days after the first date set for the section 341 meeting or (ii) thirty (30) days after service of a modified plan, unless otherwise ordered by the Court.

(b)  Service of Objection. An objection to confirmation shall be filed with the Court and served on the chapter 13 trustee, the debtor, the debtor's attorney, and any other party or attorney who has filed an appearance and requested service of pleadings. The objection shall be accompanied by a certificate of service evidencing compliance with this requirement.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

## Second Amended CHAPTER 13 PLAN

Docket No.: 11-32269-HJB

DEBTORS: (H)ames T Fueston      SS#: 7922

(W)isa J. Fueston      SS#: 0880

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of  $ 416.00      for the term of:

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[ ] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
; or

[X] 48 Months. The Debtor states as reasons therefore: <u>Debtors need to extend term of plan more than 36 months in order to ensure enough funds are paid to the plan to satisfy the arrearage on the mortgage of their primary residence.</u>

### II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Wells Fargo Bank, N.A. | Mortgage, pre-petition arrears | $16,778.40 |
| Total of secured claims to be paid through the Plan: | | $16,778.40 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Santander Consumer USA | Purchase Money Security-Auto |
| Santander Consumer USA | Purchase Money Security-Auto |
| Springfield Water & Sewer Comm | Statutory Lien |
| Wells Fargo Bank, N.A. | Mortgage |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| Wells Fargo Bank N.A. | Arrearage satisfied and default cured - See VI B. All judical liens avoided previously | - See VI B |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
NONE

or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
Darlene & Gerson Fontoura

JoAnn Davidson

| |
|---|
| Justin Torrey |
| Laura & Frank Murray |
| Mary & Ben Paquette |
| Mayra & Thomas Hervieux |
| Michelle Selden |
| Rose Leddy |
| Sarah & Jason Perez |
| Vallerie Cave |

iii. The arrears under the lease to be paid under the plan are

| Creditor | Arrearage |
|---|---|
| NONE | |
| Total Arrearages | $0.00 |

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |
| Total of Priority Claims to Be Paid Through the Plan: | | $0.00 |

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan):     $0.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amont of Claim |
|---|---|---|
| NONE | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:     **4.3587**

The general unsecured creditors shall receive a dividend of ___% of their claims.

A. General unsecured claims $27,365.57

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |

Total of Unsecured Claims (A + B + C):  $ 27,365.57

D. Multiply total by percentage:
$38,500.00 x .22 dividend = $8,470.00)

$ 1,192.80

$_____ (Example: Total of

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |

Total amount of separately classified claims payable at 100 %: $ 0.00

V I. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

| Description of Lump Sum | Lump Sum Amount |
|---|---|
| | $ |
| | $ |

B. Miscellaneous Provisions:
1. The judgment lien in favor of Capital One Bank (USA), N.A. in approximately the amount of $1,410.45 with execution recorded at the Hampden County Registry of Deeds on or about 30 August 2010 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by Capital One Bank (USA), N.A. stemming from this lien will be treated as a general unsecured non-priority claim.
2. The judgment lien in favor of Portfolio Recovery Associates, LLC in approximately the amount of $3,136.38 with execution recorded at the Hampden County Registry of Deeds on or about 1 April 2011 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by Portfolio Recovery Associates, LLC will be treated as a general unsecured non-priority claim.
3. The judgment lien in favor of Barclays Bank Delaware in approximately the amount of $1,912.80 with execution recorded at the Hampden County Registry of Deeds on or about 23 May 2011 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by Barclay Bank Delaware will be treated as a general unsecured non-priority claim.
4. The judgment lien in favor of Capital One Bank (USA), N.A. in approximately the amount of $1,386.93 with execution recorded at the Hampden County Registry of Deeds on or about 9 December 2011 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by Capital One Bank (USA), N.A. stemming from this lien will be treated as a general unsecured non-priority claim.
5. The judgment lien in favor of ANJ Corporation in approximately the amount of $1,701.66 with execution recorded at the Hampden County Registry of Deeds on or about 28 October 2010 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by ANJ Corporation stemming from this lien will be treated as a general unsecured non-priority claim.
6. The judgment lien in favor of ANJ Corporation in approximately the amount of $3,856.17 with execution recorded at the Hampden County Registry of Deeds on or about 17 June 2010 has been avoided by bankruptcy court order dated 31 May 2012 and any amount claimed by ANJ Corporation stemming from this lien will be treated as a general unsecured non-priority claim.
7. This is a pot plan. Any dividend is only an estimate. If the amount of the allowed secured claims differs from the amount listed in part V, the percentage dividend shall be automatically adjusted to accomodate the difference.
8. Property of the estate will remain such throughout the term of the plan and shall vest in the Debtor upon discharge.
9. Arbitration provisions in executory contracts, if any, are voided.
10. Creditors holding secured claims being paid outside of the plan in whole of in part must submit monthly statements or regular coupon style payment books to the Debtors to facilitate payment arrangements; and further, will provide Debtors account information as requested.
11. Payments received by the trustee and paid to creditors as prepetition arrears must be applied as same, notwithstanding any prior agreement.
12. Creditors shall still be subject to Real Estate Settlement Procedures Act (RESPA) as amended, adn the Truth-in-Lending Act (TILA) and no negative inference shall be implied by this provision or any other.
13. Debtors must pay to plan 1/2 of any federal or state tax refund during duration of chapter 13 case and are entitled to retain the other 1/2.
14. The arrears owed to the Debtors' mortgagee, Wells Fargo Bank, is in the amount of $16,778.29 as of the petition date. This arrearage claim will be satisfied and the default will be cured.

VII. CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section I I-A Total): $ 16,778.40
b) Priority claims (Section I I I A & B Total): $ 0.00
c) Administrative claims (Section IV-A&B Total): $ 0.00
d) Regular unsecured claims (Section V-D Total): + $ 1,192.80
e) Separately classified unsecured claims: $ 0.00
f) Total of a + b + c + d + e above: = $ 17,971.20
g) Divide (f) by .90 for total including Trustee's fee

Cost of Plan = $ 19,968.00

(This represents the total amount to be paid into the Chapter 13 Plan.)
h) Divide (g), Cost of Plan, by Term of Plan    48 months
i) Round up to nearest dollar for Monthly Plan Payment: = $ 416.00
(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS A. Real

Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| Residential Home | $ 208,600.00 | $ 207,730.68 |

Total Net Equity for Real Property: $ 869.32
Less Total Exemptions (Schedule C): $ 8,546.96
Available Chapter 7: $ 0.00

B. Automobile (Describe year, make, model):

| | | | | | | |
|---|---|---|---|---|---|---|
| Truck | Value $ | 11,612.00 | Lien $ | 7,177.68 | Exemption $ | 5,854.73 |
| SUV | Value $ | 9,090.00 | Lien $ | 5,757.27 | Exemption $ | 3,332.73 |

Total Net Equity $ 7,767.05
Less Total Exemptions (Schedule C): $ 9,187.46
Available Chapter 7: $ 0.00

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)
Cash
5 0

Bus ck acct.
5 0

Ck acct.
58.09

Ck acct.
99.44

Savings acct.
32.56

Savings acct.
190.44

Household Goods
500

Wearing apparel
100

Wedding Ring
1,800

Camera
10

Simple IRA
3,497.10

Debt owed
600

Debt owed
88

Exp. Fed Tax
5,000

Exp. Mass. Tax
1,000

Legal claim
unknown

Med Mal claim
unknown

2003 SUV Ford Expedition
9,090

2007 Chevy Silverado
$11,612

Dog
10

Total Net Equity                                         $        13,085.63

| | |
|---|---|
| Less Total Exemptions (Schedule C): | $ 13,085.63 |
| Available Chapter 7: | $ 0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0.00

E. Additional Comments regarding Liquidation Analysis:

None.

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____    16 Oct 2012
Debtor's Attorney                                 Date
73 State Street
Suite 15
Springfield, MA  01103

Tel. # 413-746-8008
Email Address: gbourguignon@bourguignonlaw.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____    10/5/12
Debtor                                                     Date

_____    10/5/12
Debtor                                                     Date